**LAWRENCE C. HERSH**
Attorney at Law
17 Sylvan Street, Suite 102B
Rutherford, NJ  07070
(201) 507-6300
*Attorney for Plaintiff and all others similarly situated*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

―――――――――――――――――――X
:
ELSIE STEINMAN, on behalf of herself and all  :
others similarly situated,   :
:
             Plaintiff,   :   Civil Action No.
:
vs.   :   **CLASS ACTION COMPLAINT AND**
:   **JURY TRIAL DEMAND**
CREDIT CONTROL, LLC,   :
:
             Defendant.   :
:
:
―――――――――――――――――――X

Plaintiff ELSEIE STEINMAN, on behalf of herself and all others similarly situated, (hereinafter "Plaintiff") by and through her undersigned attorney, alleges against the above-named Defendant CREDIT CONTROL, LLC ("Defendant"), the following:

**PRELIMINARY STATEMENT**

1. Plaintiff brings this action for damages and declaratory and injunctive relief arising from Defendant's violation of 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331. This is an action for violations of 15 U.S.C. § 1692 *et seq*.

3. Venue is proper in this district under 28 U.S.C. §1391(b) because jurisdiction is not founded solely on diversity of citizenship and Plaintiff resides in this jurisdiction.

## DEFINITIONS

4. As used in reference to the FDCPA, the terms "creditor," "consumer," "debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

## JURY DEMAND

5. Plaintiff demands a jury trial on all issues.

## PARTIES

6. The FDCPA, 15 U.S.C. § 1692 *et seq.*, which prohibits certain debt collection practices provides for the initiation of court proceedings to enjoin violations of the FDCPA and to secure such equitable relief as may be appropriate in each case.

7. Plaintiff is a natural person and resident of the State of New Jersey, County of Passaic and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

8. Based upon information and belief, Defendant CREDIT CONTROL, LLC ("CREDIT CONTROL") is a Missouri Limited Liability Company organized under the laws of the State of Missouri with its principle place of business located in Hazelwood, Missouri.

9. CREDIT CONTROL is a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, defaulted consumer debts. CREDIT CONTROL operates a nationwide defaulted debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of New Jersey. In fact, Defendant CREDIT CONTROL was acting as a debt collector, as that term is defined in the FDCPA, as to the defaulted consumer debt it attempted to collect from Plaintiff.

## CLASS ACTION ALLEGATIONS

10. Plaintiff brings this action as a state wide class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of herself and all New Jersey consumers and their successors in interest (the "Class"), who have received debt collection letters from the Defendant which are in violation of the FDCPA, as described in this Complaint.

11. This Action is properly maintained as a class action. The Class consists of:

   • All New Jersey consumers who were sent letters and/or notices from Defendant in a form substantially similar to attached Exhibits A and/or B and which included the alleged conduct and practices described herein.

   • The Class period begins one year to the filing of this Action.

12. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

   • Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who have received debt collection letters and/or

notices from the Defendants that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice that is sent to hundreds of persons (See **Exhibits A and B)**, except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2, partially redacted the financial account numbers in an effort to protect Plaintiff's privacy);

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

    a. Whether the defendant violated various provisions of the FDCPA, including, but not limited to 15 U.S.C. §§ 1692e, 1692f and/or 1692g, and subsections therein;

    b. Whether Plaintiff and the Class have been injured by the Defendant's conduct;

    c. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing, and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

    g. Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories;
- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class;
- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class;
- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action;
- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.  Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages.  If Defendant's conduct is allowed to proceed without remedy they will continue to reap and retain the proceeds of their ill-gotten gains;

- Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## STATEMENT OF FACTS

13. Plaintiff is at all times relevant to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

14. Prior to January 29, 2020, Plaintiff allegedly incurred two financial obligations to Synchrony Bank ("Synchrony") related to two separate consumer credit card accounts ("the Debts"), one with an account number ending in 8616 and the other with an account number other ending in 3425.

15. The Debts each arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

16. Each alleged Synchrony Debt is a "debt" as defined by 15 U.S.C. § 1692a(5).

17. Synchrony is a "creditor" as defined by 15 U.S.C. § 1692a(4).

18. At some time prior to January 29, 2020, the Synchrony Debt obligations became past due: one with a balance of $1,783.51 ("Debt 1") and the other with a balance of $2,458.11 ("Debt 2").

19. At some point prior to January 29, 2020, Debt 1 and Debt 2 were sold, transferred and/or assigned either directly, or indirectly to LVNV Funding LLC ("LVNV").

20. At the time the Debts were transferred to LVNV from Synchrony, the

debts were already past due and in default.

21. Subsequently, at some point prior to January 29, 2020, the Debts were referred for collection by LVNV to Defendant.

22. At the time the Synchrony Debts were placed with Defendant, the balances on the Debt were past due.

23. On or about January 29, 2020, Defendant sent Plaintiff a collection letter with respect to Debt 1 in an Amount of $1,783.51 ("Collection Letter 1"). See, attached Exhibit A.

24. On or about January 29, 2020, Defendant sent Plaintiff a collection letter with respect to Debt 2 in an Amount of $2,458.11 ("Collection Letter 2"). See, attached Exhibit B.

25. The January 29, 2020 collection letters were each Defendant's initial written communication to Plaintiff with respect to the respective debts.

26. The January 29, 2020 collection letters were each sent in connection with the collection of the Synchrony obligations.

27. The January 29, 2020 collection letters were each a "communication" as defined by 15 U.S.C. §1692a(2).

28. Each collection letter was the first written communication by Defendant to Plaintiff with respect to each respective debt.

29. Each collection letter was required to contain a notification of Plaintiff's verification rights within the meaning of 15 U.S.C. §1692g(a).

30. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt

collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

31. 15 U.S.C. § 1692g(a)(3) provides that the written notice must contain a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

32. 15 U.S.C. § 1692g(a)(4) provides that the written notice must contain a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector.

33. In order to be entitled to obtain verification of the debt or a copy of a judgment against the consumer, the consumer must dispute the debt in writing.

34. 15 U.S.C. § 1692g(a)(5) provides that the written notice must contain a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

35. In order to be entitled to obtain the name and address of the original creditor, if different from the current creditor, the consumer must request such in writing.

36. A debt collector has the obligation not just to convey the 15 U.S.C. § 1692g required disclosures, but also to convey such clearly.

37. Even if a debt collector conveys the required information accurately, the

debt collector nonetheless violates the FDCPA if that information is overshadowed or contradicted by other language in the communication.

38. Even if a debt collector conveys the required information accurately, the debt collector nonetheless violates the FDCPA if that information is overshadowed by other collection activities during the 30-day validation period following the communication.

39. 15 U.S.C. § 1692g(b) provides that collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

40. A collection activity or communication overshadows or contradicts the validation notice if it would make the least sophisticated consumer uncertain or confused as to her rights.

41. The front side of each collection letter included the following statement ("The Statement"):

> Unless you, within 30 days after receipt of this notice, dispute the validity of the debt, or any portion thereof, the debt will be assumed to be valid by this office. If you notify this office in writing within the 30-day period that the debt, or any portion thereof, is disputed, this office will obtain verification of the debt or a copy of a judgment against you and a copy of such verification or judgment will be mailed to you by this office. Upon your written request within the 30-day period, this office will provide you with the name and address of the original creditor, if different from the current creditor.

42. The Statement presumably attempted to comply with the requirements of section 1692g(a)(3)-(5).

43. The Statement does not direct the consumer to dispute the Debt with a particular address for an in writing dispute.

44. Each collection letter includes three separate addresses for Defendant.

45. The least sophisticated consumer may be dissuaded from disputing the debt at all, since he or she may not know to which office the debt should be sent.

46. The top of each collection letter provides a first address for Defendant ("the First Address") of:

> 5757 Phantom Drive, Suite 330
> Hazelwood, MO  63042

47. The bottom left of the front page of each collection letter is a second address for Defendant (the "Second Address"):

> PO Box 51790
> Livonia, MI 48151-5790

48. The bottom right of each collection letter provides a third address for Defendant ("the Third Address"):

> P.O. Box 100
> Hazelwood, MO  63042

49. The problem with each Collection Letter is that each one contains three separate addresses for Defendant.

50. The least sophisticated would not know which of the three addresses to use to dispute the Debts.

51. The least sophisticated consumer may believe that he or she would have to send three separate letters to dispute each debt.

52. The least sophisticated consumer may decide that sending three separate dispute letters as to each Debt would be too burdensome and decide not to dispute each of the Debts.

53. Alternatively, the least sophisticated consumer may decide not to dispute

each debt since he or she would not know which of the three addresses to use to dispute the debt.

54. The use of multiple addresses by Defendant overshadowed the disclosure of the consumer's right to dispute the debt and obtain verification of the debt.

55. The use of multiple addresses is deceptive and/or misleading.

56. As a result of the inclusion of multiple addresses, Plaintiff sustained a concrete, actual injury.

57. In the last year, Defendant sent collection letters to numerous New Jersey consumers in which Defendant included multiple addresses in an initial written communication to a consumer.

58. Plaintiff suffered injury in fact by being subjected to unfair and abusive practices of Defendant.

59. Plaintiff suffered actual harm by being the target of Defendant's misleading debt collection communications.

60. Defendant violated Plaintiff's rights not to be the target of misleading debt collection communications.

61. Defendant violated Plaintiff's right to a trustful and fair debt collection process.

62. Defendant's communications were designed to cause Plaintiff to suffer a harmful disadvantage in charting a course of action in response to Defendant's collection efforts.

63. The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions

about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendant's false representations misled the Plaintiff in a manner that deprived Plaintiff of his or her right to enjoy these benefits.

64. The deceptive communication additionally violated the FDCPA since it frustrated Plaintiff's ability to intelligently choose his or her response.

65. It is Defendant's pattern and practice to send collection letters in the form described above, and which violate the FDCPA.

66. On information and belief, Defendant sent letters in the form described above to at least 50 natural persons in the State of New Jersey.

## COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT
### VIOLATIONS OF 15 U.S.C. §1692

67. Plaintiff repeats the allegations contained in paragraphs 1 through 66 as if the same were set forth at length.

68. Defendant violated 15 U.S.C. §1692 et seq. of the FDCPA in connection with its collection attempts against Plaintiff and others similarly situated.

69. Defendant's conduct violated several provisions of the FDCPA, including, but not limited to:

    A. 15 U.S.C. §1692e, by the use of any false, deceptive or misleading representation or means in connection with the collection of a debt;

B. 15 U.S.C. § 1692e(10) of the FDCPA by the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer;

C. 15 U.S.C. §1692g, by effectively failing to provide the debt verification rights notice;

D. 15 U.S.C. §1692g(b), by engaging in collection activity which overshadows or is inconsistent with the consumer's right to dispute the debt.

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representatives and attorney Lawrence Hersh, Esq., as Class Counsel;

(b) Awarding Plaintiff and the Class statutory damages;

(c) Awarding pre-judgment interest;

(d) Awarding post-judgment interest;

(e) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses; and

(f) Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

Dated:   Rutherford, New Jersey
          January 29, 2021

                                        Respectfully submitted,

                                        By: s/ Lawrence C. Hersh
                                            Lawrence C. Hersh, Esq.
                                            17 Sylvan Street, Suite 102B
                                            Rutherford, NJ  07070

(201) 507-6300  
*Attorney for Plaintiff*

## **CERTIFICATION PURSUANT TO LOCAL RULE 11.2**

I, Lawrence C. Hersh, the undersigned attorney of record for Plaintiff, do hereby certify to my own knowledge and based upon information available to me at my office, the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.

Dated: January 29, 2021                    By: <u>s/ Lawrence C. Hersh</u>  
                                                                Lawrence C. Hersh, Esq.

EXHIBIT A

# Credit Control, LLC

| | | |
|---|---|---|
| **Letter Date** | 5757 Phantom Drive, Suite 330 | **Hours of Operation (ET):** |
| 01/29/2020 | Hazelwood, MO 63042 | M - TH 9a.m. - 6p.m. |
| | 877-431-7784 | F 8a.m. - 5p.m. |

## Your Account Information

Current Creditor: LVNV Funding LLC  
Original Creditor: Synchrony Bank  

Our Acct.#: ████532  
Orig. Acct.#: ************8616  
Amount Due: $1,783.51

## Savings Options

Dear Elsie Steinman, please be advised, our client, LVNV Funding LLC, has placed the above-referenced account with our office for collection. We want to bring this matter to your attention. Subject to your rights set forth below or as otherwise provided by law, we have developed the following option(s) for you to resolve your account for less than the total Amount Due.

1. Resolve your account in 1 payment of $892.00. You save $891.51!
2. Resolve your account in 6 consecutive monthly payments of $164.00. You save $799.51!
3. Resolve your account in 12 consecutive monthly payments of $90.00. You save $703.51!

Upon completion of one of the options above, your account will be considered resolved. This offer will remain open until at least 45 days after you receive this notice. We are not obligated to renew this offer.

## Payment Instructions

- Make a payment via our website at www.credit-control.com.
- Submit payment via U.S. mail to: PO BOX 100, HAZELWOOD MO 63042. Please include your account number in the memo section of your check or money order.
- Call us toll-free at 877-431-7784 to make payment arrangements. Calls are recorded and may be monitored for quality assurance purposes. You may ask for Kelly Decker.

## Please Read Important Disclosures

This communication from a debt collector is an attempt to collect a debt. Any information obtained will be used for that purpose.

Unless you, within 30 days after receipt of this notice, dispute the validity of the debt, or any portion thereof, the debt will be assumed to be valid by this office. If you notify this office in writing within the 30-day period that the debt, or any portion thereof, is disputed, this office will obtain verification of the debt or a copy of a judgment against you and a copy of such verification or judgment will be mailed to you by this office. Upon your written request within the 30-day period, this office will provide you with the name and address of the original creditor, if different from the current creditor.

Please note that a negative credit bureau report reflecting on your credit record may be submitted to a credit reporting agency by the current account owner if you fail to fulfill the terms of your credit obligations. This notice in no way affects any rights you may have.

**NOTICE: DISCLOSURES MAY CONTINUE ON THE REVERSE SIDE**

PO BOX 51790  
LIVONIA MI 48151-5790  

RETURN SERVICE REQUESTED

ELSIE STEINMAN

CREDIT CONTROL, LLC  
PO BOX 100  
HAZELWOOD, MO 63042

# PRIVACY NOTICE

This Privacy Notice is being provided on behalf of each of the following related companies (collectively, the "Resurgent Companies"). It describes the general policy of the Resurgent Companies regarding the personal information of customers and former customers.

```
Resurgent Capital Services L.P.   LVNV Funding, LLC                 Ashley Funding Services LLC
Sherman Acquisition L.L.C.        PYOD LLC                          SFG REO, LLC
Anson Street LLC                  Pinnacle Credit Services, LLC     CACV of Colorado, LLC
CACH, LLC                         Sherman Originator LLC            Sherman Originator III LLC
```

**Information We May Collect.** The Resurgent Companies may collect the following personal information: (1) information that we receive from your account file at the time we purchase or begin to service your account, such as your name, address, social security number, and assets; (2) information that you may give us through discussion with you, or that we may obtain through your transactions with us, such as your income and payment history; (3) information that we receive from consumer reporting agencies, such as your credit worthiness and credit history, and (4) information that we obtain from other third party information providers, such as public records and databases that contain publicly available data about you, such as bankruptcy and mortgage filings. All of the personal information that we collect is referred to in this notice as "collected information".

**Confidentiality and Security of Collected Information.** At the Resurgent Companies, we restrict access to collected information about you to individuals who need to know such collected information in order to perform certain services in connection with your account. We maintain physical safeguards (like restricted access), electronic safeguards (like encryption and password protection), and procedural safeguards (such as authentication procedures) to protect collected information about you.

**Sharing Collected Information with Affiliates** From time to time, the Resurgent Companies may share collected information about customers and former customers with each other in connection with administering and collecting accounts to the extent permitted under the Fair Debt Collection Practices Act or applicable state law.

**Sharing Collected Information with Third Parties** The Resurgent Companies do not share collected information about customers or former customers with third parties, except as permitted in connection with administering and collecting accounts under the Fair Debt Collections Practices Act and applicable state law.

EXHIBIT B

| Letter Date | **Credit Control, LLC** | Hours of Operation (ET): |
|---|---|---|
| 01/29/2020 | 5757 Phantom Drive, Suite 330 | M - TH 9a.m. - 6p.m. |
| | Hazelwood, MO 63042 | F 8a.m. - 5p.m. |
| | 877-431-7784 | |

## Your Account Information

Current Creditor: LVNV Funding LLC  
Original Creditor: Synchrony Bank  

Our Acct.#: ▮680  
Orig. Acct.#: ************3425  
Amount Due: $2,458.11  

## Savings Options

Dear Elsie Steinman, please be advised, our client, LVNV Funding LLC, has placed the above-referenced account with our office for collection. We want to bring this matter to your attention. Subject to your rights set forth below or as otherwise provided by law, we have developed the following option(s) for you to resolve your account for less than the total Amount Due.

1. Resolve your account in 1 payment of $1,230.00. You save $1,228.11!
2. Resolve your account in 6 consecutive monthly payments of $226.00. You save $1,102.11!
3. Resolve your account in 12 consecutive monthly payments of $123.00. You save $982.11!

Upon completion of one of the options above, your account will be considered resolved. This offer will remain open until at least 45 days after you receive this notice. We are not obligated to renew this offer.

## Payment Instructions

- Make a payment via our website at www.credit-control.com.
- Submit payment via U.S. mail to: PO BOX 100, HAZELWOOD MO 63042. Please include your account number in the memo section of your check or money order.
- Call us toll-free at 877-431-7784 to make payment arrangements. Calls are recorded and may be monitored for quality assurance purposes. You may ask for Kelly Decker.

## Please Read Important Disclosures

This communication from a debt collector is an attempt to collect a debt. Any information obtained will be used for that purpose.

Unless you, within 30 days after receipt of this notice, dispute the validity of the debt, or any portion thereof, the debt will be assumed to be valid by this office. If you notify this office in writing within the 30-day period that the debt, or any portion thereof, is disputed, this office will obtain verification of the debt or a copy of a judgment against you and a copy of such verification or judgment will be mailed to you by this office. Upon your written request within the 30-day period, this office will provide you with the name and address of the original creditor, if different from the current creditor.

Please note that a negative credit bureau report reflecting on your credit record may be submitted to a credit reporting agency by the current account owner if you fail to fulfill the terms of your credit obligations. This notice in no way affects any rights you may have.

**NOTICE: DISCLOSURES MAY CONTINUE ON THE REVERSE SIDE**

PO BOX 51790  
LIVONIA MI 48151-5790  

RETURN SERVICE REQUESTED

ELSIE STEINMAN

CREDIT CONTROL, LLC  
PO BOX 100  
HAZELWOOD, MO 63042

# PRIVACY NOTICE

This Privacy Notice is being provided on behalf of each of the following related companies (collectively, the "Resurgent Companies"). It describes the general policy of the Resurgent Companies regarding the personal information of customers and former customers.

| | | |
|---|---|---|
| Resurgent Capital Services L.P. | LVNV Funding, LLC | Ashley Funding Services LLC |
| Sherman Acquisition L.L.C. | PYOD LLC | SFG REO, LLC |
| Anson Street LLC | Pinnacle Credit Services, LLC | CACV of Colorado, LLC |
| CACH, LLC | Sherman Originator LLC | Sherman Originator III LLC |

**Information We May Collect.** The Resurgent Companies may collect the following personal information: (1) information that we receive from your account file at the time we purchase or begin to service your account, such as your name, address, social security number, and assets; (2) information that you may give us through discussion with you, or that we may obtain through your transactions with us, such as your income and payment history; (3) information that we receive from consumer reporting agencies, such as your credit worthiness and credit history, and (4) information that we obtain from other third party information providers, such as public records and databases that contain publicly available data about you, such as bankruptcy and mortgage filings. All of the personal information that we collect is referred to in this notice as "collected information".

**Confidentiality and Security of Collected Information.** At the Resurgent Companies, we restrict access to collected information about you to individuals who need to know such collected information in order to perform certain services in connection with your account. We maintain physical safeguards (like restricted access), electronic safeguards (like encryption and password protection), and procedural safeguards (such as authentication procedures) to protect collected information about you.

**Sharing Collected Information with Affiliates** From time to time, the Resurgent Companies may share collected information about customers and former customers with each other in connection with administering and collecting accounts to the extent permitted under the Fair Debt Collection Practices Act or applicable state law.

**Sharing Collected Information with Third Parties** The Resurgent Companies do not share collected information about customers or former customers with third parties, except as permitted in connection with administering and collecting accounts under the Fair Debt Collections Practices Act and applicable state law.